IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | **8:04CR462** |
| vs. | | **MEMORANDUM AND ORDER** |
| SHERMAN R. WADE, | | |
| Defendant. | | |

This matter is before the Court on the government's motion for Authorization to Make Payment from Inmate Trust Account. Filing No. 75. A hearing on the motion was held on August 27, 2021, with counsel for the government present personally, and the defendant present by telephone.

## BACKGROUND

Defendant Sherman Wade pled guilty to Bank Robbery and Brandishing a Firearm While Robbing a Bank in 2005. Filing No. 21. As part of Wade's sentence, the Court instituted criminal monetary penalties. Filing No. 71 at 6. The criminal monetary penalties included a Total Assessment and Total Restitution. *Id.*

In August 2021, the Government moved for authorization to make payment from inmate trust account. Filing No. 75 at 1. Upon notification from the Bureau of Prisons, the Government discovered Wade's inmate trust account contained $1,961.48. *Id.* at 2. The Government seeks authorization to take $1,861.48 from Defendant's account and

apply towards his restitution balance, which, as of August 6, 2021, was $75,257.30.  *Id.* at 1.

Defendant opposes the motion.  Filing No. 77 at 1.  Wade contends that the amount due under the Restitution Order are only due upon his release from prison and that he has been on "deferred and expired" status since 2013.[1]  *Id.*  As such, he argues, the Government should not be able take the money from his inmate trust account.  *Id.*  Per the instruction of this Court, Filing No. 81, the defendant prepared a budget that outlined how he intends to use the funds in his inmate trust account for prison expenses and pending release in 2023.  Filing No. 82 at 1–5.  Defendant's listed needs upon release are all items of necessity, such as phone, food, transportation, and miscellaneous clothing items.  *Id.* at 3.

At the hearing on the motion, the Government stated that the funds sought included a second stimulus payment of $1400.00.  The government had not sought garnishment of the first stimulus payment of $1200.00.[2]  Wade stated that the last job he had in prison was when he was at FCI Sheridan, which was before he spent twenty

---

[1] There is no information in the record indicating defendant's "deferred and expired" status.

[2] The CARES Act provided a $1,200 payment to every American adult with an income below $75,000.  26 U.S.C. § 6428(d); CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 281, § 2201(a), 134 Stat. 281, 335 (2020).  Congress later passed two more "stimulus" or "relief" bills.  The second relief package, part of the December 27, 2020, Consolidated Appropriations Act (CAA), included a $600 stimulus payment or tax credit.  26 U.S.C. § 6428A; Pub. L. 116-260, § 272, 134 Stat. 1182, 1965 (2020).  The third, and most recent, round of stimulus payments came on March 11, 2021, under the American Rescue Plan Act (ARPA) and paid out a $1,400 stimulus or tax credit.  26 U.S.C. § 6428B; AMERICAN RESCUE PLAN ACT OF 2021, PL 117-2, March 11, 2021, 135 Stat 4, § 9601, 135 Stat. 4, 138 (2021).  *See Lamar v. Hutchinson*, No. 4:21-CV-00347, 2021 WL 4047158, at *1 (E.D. Ark. Sept. 3, 2021).  An uncodified administrative amendment to the CARES Act provided some limited protections to the payments created by the CARES Act.  *Id.*; Pub. L. 116-136, § 2201(d), 134 Stat. 281, 338 (2020); Pub. L. 116-260, § 273(b), 134 Stat. 1182, 1978 (2020) (retroactively amending the CARES Act and limiting offsets and credits).

months at FCI Herlong.  He was at Herlong immediately before his current placement.  At the time of the hearing, he had been at FCI Phoenix for six weeks.

**DISCUSSION**

Although federal courts possess no inherent ability to order restitution, Congress enacted the Mandatory Victims Restitution Act (MVRA) to provide courts with such power. *United States v. Balentine*, 569 F.3d 801, 802–03 (8th Cir. 2009).  The MVRA permits the court to determine who is a victim of the crime, the victim's actual losses, and how the defendant must pay the restitution to make the victim whole again.  *United States v. Frazier*, 651 F.3d 899, 905 (8th Cir. 2011).  After a court orders restitution from a criminal defendant, the government can seek civil remedies to satisfy unpaid restitution through the MVRA.  18 U.S.C. § 3612.  The government's enforcement reaches "all property or rights to property of the person fined" except for a narrow list of property not relevant to this inquiry.[3]  18 U.S.C. § 3613(a).

a.  18 U.S.C. § 3613(a), *Enforcement*

The government can treat a defendant's restitution as if it were a lien or civil judgment, and use methods laid out in statute, as well as "all other available and reasonable means," to collect.  18 U.S.C. § 3664(m)(1)(A).  During a period of incarceration, if a person obligated to pay restitution "receives substantial resources from any source," then they "shall be required to apply the value" of those resources to their remaining restitution balance.  18 U.S.C. § 3664(n).

---

[3] Property exempt from enforcement is (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986;" (2) "section 3014 of chapter 176 of title 28;" and (3) "the provision of section 303 of the Consumer Credit Protection Act."  18 U.S.C. § 3613(a)(1)–(3).

Defendant maintains that since his restitution is on deferred status,[4] the Government should not be able to collect from his inmate trust account. Filing No. 77 at 1. The Eighth Circuit has not yet determined whether the Government has the authority under § 3613(a) to collect more than the installment payments set out in the Restitution Order. *See United States v. Raifsnider*, 846 F. App'x 423, 424 (8th Cir. 2021) (mem.) (reversing district court order because the government "may have lacked" authority under § 3613(a)).

However, both the Fifth and Tenth Circuits have persuasive caselaw that draw a distinction between the government's ability to collect payment for restitution that is immediately due and its ability to collect in excess of the payment plan. Both circuits held that the government can take money from an inmate's trust account when their restitution order includes directing language that the payment is due immediately under § 3613(a). *United States v. Hughes*, 914 F.3d 947, 949 (5th Cir. 2019), *as revised* (Feb. 1, 2019), *as revised* (Feb. 14, 2019) ("Unless there is language directing that funds are also immediately due, the government cannot attempt to enforce the judgment beyond its plain terms absent a modification of the restitution order or default"). If the court indicated payment *was* due immediately through directing language, then even with a set installment plan, the government can collect from the inmate's trust account. *United States v. Elwood*, 757 F. App'x 731, 735 (10th Cir. 2018) (emphasis added).

For the Total Restitution, the Court assessed Wade's ability to pay and provided the following instructions for repayment:

> Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, <u>payment of criminal monetary penalties shall be due during the period of imprisonment</u>.

---

[4] *See* footnote 1.

All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer or the United States attorney.

Following release from incarceration, the defendant shall make payments to satisfy the criminal monetary penalty in monthly installments of $50 or 3% of the defendant's gross income, whichever is greater. The first payment shall commence 60 days following the defendant's discharge from incarceration, and continue until the criminal monetary penalty is paid in full. The defendant shall be responsible for providing proof of payment to the probation officer as directed.

Filing No. 71 at 7 (emphasis added).

Therefore, even though a Schedule of Payments had been established, the defendant is still responsible to begin making payment of criminal monetary penalties while imprisoned.

b. 18 U.S.C. § 3664(n), *Substantial Resources*

While federal courts possess no inherent ability to order restitution, Congress enacted the Mandatory Victims Restitution Act (MVRA) to provide courts with such power. *United States v. Balentine*, 569 F.3d 801, 802–03 (8th Cir. 2009). The MVRA permits the court to determine who is a victim of the crime, the victim's actual losses, and how the defendant must pay the restitution to make the victim whole again. *United States v. Frazier*, 651 F.3d 899, 905 (8th Cir. 2011). After a court orders restitution from a criminal defendant, the government can seek civil remedies to satisfy unpaid restitution through the MVRA. 18 U.S.C. § 3612. The government's enforcement reaches "all property or rights to property of the person fined" except for a narrow list of property not relevant to this inquiry.[5]  18 U.S.C. § 3613(a).

---

[5] Property exempt from enforcement is (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986;" (2) "section 3014 of chapter 176 of title 28;" and (3) "the provision of section 303 of the Consumer Credit Protection Act." 18 U.S.C. § 3613(a)(1)–(3).

After the court makes all the necessary determinations under the MVRA showing what the defendant owes, the statute then provides the government avenues to collect money for the victims. 18 U.S.C.A. §§ 3613, 3664. The government can treat a defendant's restitution as if it were a lien or civil judgment, and use methods laid out in statute, as well as "all other available and reasonable means," to collect. 18 U.S.C. § 3664(m)(1)(A). During a period of incarceration, if a person obligated to pay restitution "receives substantial resources from any source," then they "shall be required to apply the value" of those resources to their remaining restitution balance. 18 U.S.C. § 3664(n). An influx of stimulus funds represents receipt of substantial resources incarcerated that, under 18 U.S.C. § 3664(n) must be applied to outstanding restitution obligations. *United States v. Davis*, No. 3:14-CR-47 JD, 2021 WL 2678765, at *1 (N.D. Ind. June 30, 2021). Section 3664(n) does not apply to prison wages. *United States v. Kidd*, No. 20-2616, 2022 WL 90206, at *4 (8th Cir. Jan. 10, 2022); *see also Hughes*, 914 F.3d at 951; *United States v. Poff*, 781 F. App'x 593, 594–95 (9th Cir. 2019).[6]

The Government moves to collect $1,861.48 from Defendant's inmate trust account. Filing No. 75 at 1. The Government argues Wade received "substantial resources" in his inmate trust account, therefore, under § 3664, the Government should be able to apply these "substantial resources" to his outstanding restitution balance of $75,257.30. Filing No. 82 at 1. Wade counters by arguing that he should not have to pay anything out of his inmate trust account, because he is on "deferred and expired" status. Filing No. 77 at 1.

---

[6] There is no evidence that the funds in Wade's account included any sums attributable to prison wages. In fact, it is unlikely that the account included any earnings in view of the fact that Wade had not worked at a prison job for a significant amount of time.

However, an inmate's trust account under § 3613 is not exempt from collection, therefore allowing the government to collect owed restitution. *United States v. Jones*, No. 8:02CR156, 2019 WL 4141060, at *2 (D. Neb. Aug. 29, 2019) (citing *United States v. Rand*, 924 F.3d 140, 144–45 (5th Cir. 2019)). Since Wade is currently incarcerated, 18 U.S.C. § 3664(n) applies. Because he "is obligated to provide restitution" and has "received substantial resources," he is "required to apply the value" to the owed restitution. *Id.*

c. *The Court's Restitution Power*

"The court has substantial discretion in determining how restitution is to be paid." *United States v. Gray*, 175 F.3d 617, 618 (8th Cir. 1999) (per curiam). The MVRA details that the court shall set the length of time over which schedule payments will be made. *United States v. McGlothlin*, 249 F.3d 783, 785 (8th Cir. 2001) (quotations omitted). Additionally, it is up to the court to determine the manner and schedule in which the defendant must pay restitution, while considering the defendant's financial resources, projected earnings, and financial obligations. 18 U.S.C. § 3664(f)(2) ("Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order" how the restitution is paid); *see* 18 U.S.C. § 3572. The court can adjust a restitution order upon receipt that the defendant experiences a material change in their economic circumstances—which the court can raise on its own motion to adjust the payment schedule or require payment in full as the interest of justice requires. 18 U.S.C. § 3664(k). The economic stimulus payment constitutes a material change in defendant's economic circumstances that might affect his or her ability to pay restitution. *Id.*; *United States v. Custer*, No. 115CR00033HABSLC,

2021 WL 4786215, at *2 (N.D. Ind. Oct. 13, 2021); *Davis*, 2021 WL 2678765, at *1 (the influx of the stimulus funds represented a material change in economic circumstances pursuant to § 3664(k)).  The interests of justice require "the proper view of what is fair and right in a matter in which the decision-maker has been granted discretion."  *Interests of Justice*, BLACK'S LAW DICTIONARY (11th ed. 2019).

The defendant contends that it is neither "reasonable" nor "appropriate" to take nearly all of the money in his inmate trust account.  Filing No. 79 at 2.  He argues this money is needed to continue paying for things in prison, as well as living costs upon his release in less than two years. *Id*.; Filing No. 82 at 2–3.  He acknowledges, however, that he must still make restitution payments upon release.  *Id.*

The Government, on the other hand, believes it to be "reasonable and appropriate" to take $1,861.48 from the defendant's trust account and leave him with a $100.00 balance.  Filing No. 75 at 1.  Further, the Government argues that since the defendant owes $75,257.30, this would be an opportunity to pay off some of the debt.  *Id.*

The Court acknowledges both arguments and therefore finds it is fair to allow Wade to keep $1,200.00 and allow the Government to take $661.48.  While the amount to remain in the trust account is less than the defendant prefers, the remaining amount is still substantial enough to pay for the things listed as necessities for his release (i.e., transportation, food, and interview clothes).  Filing No. 82 at 3.  Additionally, while the amount is less than what the Government requested, it still allows the defendant to make a small dent in the restitution he owes.  The difference in the amount requested by the Government and the amount ordered by the Court, is menial in the grand scheme of owed restitution.  Allowing the defendant to have a reasonable sum available on his release

puts him in a better position to pay off his restitution in a timelier manner, which benefits both the Government and the four banks to which he owes restitution. *See United States v. Grant*, 715 F.3d 552, 558 (4th Cir. 2013) (detailing Congress's intent behind § 3664 was to ensure there were reasonable and consistent procedures for defendants to make their restitution payments).

The statutory scheme of 18 U.S.C. § 3664 supports allowing the defendant to retain more than a mere $100.00 and requires a more reasonable payment towards restitution debt. Courts must follow § 3664 and § 3572 when implementing restitution and fines resulting from criminal convictions. Both statutes require the court to analyze multiple factors when determining how defendants will pay their restitution. *United States v. Martinez*, 812 F.3d 1200, 1205 (10th Cir. 2015); *see also* 18 U.S.C. §§ 3572, 3664. The statutory scheme requires courts to measure a defendant's ability to pay his or her restitution before ordering the manner in which they will pay. 18 U.S.C. § 3664(f)(2)(A)–(C). The statutory scheme does not provide the government with this power, so the government cannot "usurp the district court's role in evaluating the defendant's financial conditions and setting a payment schedule." *Martinez*, 812 F.3d at 1207 (citing *United States v. Prouty*, 303 F.3d 1249, 1254–55 (11th Cir. 2002)).

This Court set the defendant's restitution schedule of payments to begin *after* his release from prison after assessing the factors laid out in 18 U.S.C. § 3664(a). However, noting a substantial change in the defendant's economic situation, the Court will order a change in his restitution schedule, which it has the power to do pursuant to 18 U.S.C. § 3664(k). The Court will therefore update the Schedule of Payments, Filing No. 71, in lieu of the substantial change in Defendant's economic situation. The Government is

hereby authorized to take $661.48 from the defendant's inmate trust account and apply it to the defendant's ordered restitution.

THEREFORE, IT IS ORDERED THAT

1. Government's motion for authorization to make payment from inmate trust account, Filing No. 75, is granted in part and denied in part.

2. The Court modifies Defendant's restitution payment *sua sponte* to reflect a $661.48 payment to the Government be applied to owed restitution.

Dated this 19th day of January 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge